**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHOUJI QUAN, | No. 10-70587 |
| Petitioner, | Agency No. A099-064-613 |
| v. | MEMORANDUM<sup>*</sup> |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:     LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Shouji Quan, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Even if his asylum application was timely, substantial evidence supports the agency's adverse credibility determination based on the inconsistencies relating to Quan's use of multiple passports. *See Shrestha*, 590 F.3d at 1046-47; *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (credible establishment of applicant's identity is a key element of the asylum claim). The agency was not compelled to accept Quan's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Quan's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Quan's CAT claim also fails because it is based on the same statements found not credible, and the record does not otherwise compel the finding that it is more likely than not that he would be tortured if returned to China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**